UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRAND ENERGY SOLUTIONS, LLC | CIVIL ACTION |
| VERSUS | NO. 16-13990 |
| ANDY RAKOCY | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court is "Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Rec. Doc. 11) filed by Defendant Andy Rakocy ("Rakocy"), which is opposed (Rec. Doc. 20) by Plaintiff Brand Energy Solutions, LLC ("Brand"). Having carefully considered the parties' supporting and opposing submissions and applicable law, **IT IS ORDERED** that Rakocy's motion to dismiss is **GRANTED**.

### I.  BACKGROUND

The instant suit arises out of Rakocy's alleged breach of a "Confidentiality, Non-Competition, Non-Solicitation, and Invention Assignment Agreement" ("Agreement") and failure to pay a promissory note[1] following his resignation from Brand on May 17, 2016. On August 19, 2016, Brand filed a Verified Complaint, supported by an attached "Declaration of Bernard Maise," seeking "damages and injunctive relief based on Rakocy's breach of contract including of the non-competition and non-solicitation provisions of the Agreement between Rakocy and Brand, and of

---

[1] The amount to be paid on the promissory note is also included in this Court's evaluation of whether the amount in controversy requirement has been met. The principal amount of the promissory note was $3,648.54; however, after two payments were made, the outstanding balance is currently $2,432.36, plus applicable interest. Since this is a definitive amount of money, the remainder of this Order will discuss the amount in controversy in regards to the alleged breach of the Agreement.

1

the Promissory Note." (Rec. Doc. 1). In its complaint, Brand alleges that at the outset of Rakocy's employment as Regional Manager, Rakocy signed the Agreement, which stipulated that he would not compete with Brand for "one year after separation from employment in a limited geographical area." *Id*. Brand further alleges that after Rakocy left his employment with Brand, he immediately began employment with one of Brand's direct competitors and "attempted to solicit at least three Brand customers on behalf of his new employer." *Id*. Furthermore, Brand argues that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id*.

Subsequently, Rakocy filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that this Court lacks subject matter jurisdiction over the matter. (Rec. Doc. 11). Specifically, Rakocy alleges that Brand "has failed to satisfy the jurisdictional amount required at minimum under 28 U.S.C. § 1332, because its allegations of jurisdiction are not supported by competent evidence that would be admissible at trial." *Id*. Rakocy argues that while Brand alleges that "the total business revenue earned from these three customers over the last 12 months was well in excess of $500,000.00," Brand only supports this assertion with the "Declaration of Bernard Maise." *Id*. Specifically, Rakocy attacks the declaration because "there is no indication of the underlying facts, the source of the knowledge, or the means by which Mr. Maise learned of these assertions or any factual proof beyond the Declaration." *Id*. Therefore, Rakocy argues that it is facially apparent from Brand's complaint that the "amount in controversy standard" has not been satisfied, and the Court must "look to summary judgment evidence" to determine whether the requisite jurisdictional amount in controversy is present. *Id*.

Brand opposed the motion, arguing that Rakocy does not allege that the amount in controversy is less than $75,000, "much less establish to a legal certainty that the amount does not exceed

$75,000." (Rec. Doc. 20). Brand argues that Rakocy has not made a proper "factual attack" on the allegations that support this Court having subject matter jurisdiction. *Id*. Consequently, the Court need not consider any evidence in ruling on the motion, since the allegations regarding jurisdiction establish an amount in controversy that exceeds $75,000. *Id*. However, Brand argues that, even if the Court did consider extrinsic evidence regarding the amount in controversy, Bernard Maise's declaration would be admissible evidence to establish that the amount in controversy exceeds $75,000. *Id*.

## II.   LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1332, the United States district courts possess subject matter jurisdiction over actions involving citizens of different states when the amount in controversy exceeds $75,000. In an action in which a party seeks declaratory or injunctive relief, the Court is to measure the amount in controversy by the "value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In other words, in an action involving declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

For a Rule 12(b)(1) motion to dismiss, the party asserting federal jurisdiction (Brand, in this case) bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex. Sept. 18, 1995)). Therefore, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). For a Rule 12(b)(1) motion to dismiss, the Court may base its resolution of the motion "on any one of three separate bases: (1)

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir.1989) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

Generally, it must appear to a legal certainty that a claim is really for less than the jurisdictional amount in order for a federal court to decline jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). With regards to this "legal certainty" test, the Fifth Circuit has held that this test only applies in the "typical diversity situation" in which a "plaintiff expressly alleges damages that exceed the jurisdictional amount." *Edinburgh v. American Sec. Ins. Co.*, Civil Action No. 10-613, 2010 WL 3923292, at *2 (E.D.La. Sept. 28, 2010) (citing *De Aguilar*, 47 F.3d at 1409). Moreover, when a plaintiff does allege a specific amount of damages, then the sum claimed by plaintiff will control if that claim is apparently made in good faith. *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

However,

> The inquiry is different "when a complaint does not allege a specific amount of damages." *St. Paul Reinsurance*, 134 F.3d at 1253. In such a case, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id*. (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *Id*. (quoting *Allen*, 63 F.3d at 1336). If it is not facially apparent from the complaint that the claims exceed $75,000, the court will look to "'summary judgment-type' evidence to ascertain the amount in controversy." *Id*. at 1253 (quoting *Allen*, 63 F.3d at 1336).

*Edinburgh*, 2010 WL 3923292, at *2. In the instant case, Brand alleges that the "value of the future effect of Rakocy's breach of the Agreement exceeds $500,000 and thus this matter is

4

properly before this Court pursuant to 28 U.S.C. § 1332(a)." (Rec. Doc. 1). In support of this, Brand submitted an affidavit of Bernard Maise, the Branch Manager of the Morgan City, Louisiana branch of Brand, which stated that he learned that Rakocy had contacted and attempted to solicit three Brand customers on behalf of his new employer within the area restricted by the Agreement. *See* Rec. Doc. 1-1. Furthermore, the complaint as well as the affidavit stated that Brand's total business revenue earned from those three customers over the preceding twelve months was well in excess of $500,000.

Here, Brand does not allege a specific amount of damages; rather, Brand alleges what it believes to be the value of the potential future effect of the alleged breach of the Agreement. "When a business is threatened . . . by breach of a covenant not to compete—the stated rule is that the amount in controversy in an action for injunctive or declaratory relief is the difference between the value of the business. . . with the covenant, and its value. . . subject to the breach of the covenant." 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3708 (4th ed. 2016); *see also Zep Mfg. Corp. v. Haber*, 202 F.Supp. 847 (S.D. Tex. 1962) (the measure of the jurisdictional amount is the *profit* that will be lost by the employer as a result of the employee's breach of contract in an action seeking to restrain or enjoin the alleged violation of a covenant not to compete) (emphasis added). Furthermore, past harm as well as potential harm to the business may be considered by the court. *Id*. Specifically, with regards to a "suit brought by an employer against a former employee to enforce a covenant not to compete, the court will usually look to the *profits* earned by the employer or business generated by the employee during the period immediately preceding his termination." *Id*. (emphasis added).

Based upon Brand's allegations within its complaint, this Court finds that it is not facially apparent that the jurisdictional amount in controversy has been met in this case. In its complaint,

Brand alleges that as the Regional Sales Manager in Louisiana, Texas, and Gulf of Mexico region, Rakocy maintained the customer accounts for fifty-two customers, listed within the complaint. *See* Rec. Doc. 1. Brand further alleges that following Rakocy's termination of employment, he accepted employment with a direct competitor, Apache Industrial Services ("Apache"), in violation of the Agreement. *Id*. Following his acceptance of employment with Apache, Brand alleges that Rakocy has attempted to solicit at least three Brand customers with whom he worked as Regional Sales Manager of Brand, including Chevron (Lafayette and Plaquemines Parishes and Harris County, TX), Freeport-McMoRan, Inc. (Orleans Parish), and Ankor Energy (Orleans Parish). *Id*. Brand then alleges that the *total business revenue* earned from these three customers over the last twelve months was well in excess of $500,000. *Id.*

The Court finds that Brand's allegations are not sufficient to establish that the amount in controversy exceeds $75,000. "The Fifth Circuit has found where the object of the litigation is to protect one's business affairs free from the interference of others, '[t]he value of that right is measured by the losses that will follow' from such interference." *Birk v. Hub Inter. Southwest Agency, Ltd.*, No. EP-08-CA-259-FM, 2008 WL 4372694, at *3 (W.D. Tex. Sept. 11, 2008) (citing *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029, 1035-36 (5th Cir. 1980)). As previously mentioned, in evaluating the value of the particular right to be protected in cases involving a breach of a non-competition agreement, many courts only look to lost profits or potential lost profits as the analogous basis for determining the amount in controversy. *See Haber*, 202 F.Supp. at 848-49 ("At best, the estimated profit . . . derived from defendant's 1961 sales is only an analogous basis for determining the value to plaintiff of an injunction prohibiting defendant's competition with plaintiff during a year of uncertain business activity."); *Puckett Machinery Co. v. United Rentals, Inc.*, 342 F.Supp.2d 610, 616 (S.D. Miss. Oct. 29, 2004) ("Nevertheless, the Defendant has not

6

carried its burden…All of the information Defendant has supplied this Court deals with revenues, and not profits."). Here, Brand does not make any reference to profits or potential lost profits; rather, Brand only alleges that the revenue generated from three customers from the preceding twelve months "is well in excess of $500,000.00." (Rec. Doc. 1).

However, courts have also considered revenues or other bases for determining the value of the right of a business to be free from interference by others, i.e. a breach of a non-compete/non-solicitation agreement by a former employee. *See Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444 (5th Cir. 1971) ("The court below could have found the presence of the requisite amount in controversy . . . upon each of a number of approaches: . . . (b) the value of Premier's lost sales revenue because of the employment of Roos by TIFCO . . . ; (c) the value of the future effect of TIFCO's breach and intervention by Roos upon all of Premier's other contracts . . ."); *Redi-Mix Solutions, Ltd. v. Express Chipping, Inc.*, Civil Action No. 6:16-cv-298-MHS-KNM, 2016 WL 3406254 at *3 (E.D. Tex. May 3, 2016) ("Overall, the evidence submitted by Defendants demonstrates the value of the right Plaintiffs seek to protect—their existing business relationships and revenue derived therefrom—is in the range of several hundred thousand, to potentially millions of dollars."). In the instant matter, the losses that would result from the solicitation or breach of the Agreement would be Brand's business relationships as well as the revenue derived therefrom. The record is void of such evidence. Brand's conclusory statement that the revenue derived from three customers was well in excess of $500,000 and the affidavit of Bernard Maise that reiterates the same statement fail to address this, and thus do not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Besides these statements, Brand has not provided any other information indicating the potential amount in controversy in this matter. In the aforementioned cases, the courts were able to evaluate

records that consisted of more than conclusory statements. Therefore, based upon the allegations within the complaint and the exhibits, Plaintiff has failed to prove by a preponderance of the evidence that the amount in controversy requirement is met in this matter.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that "Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Rec. Doc. 11) is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 29th day of December, 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**